UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
DAVID SABINO and EDWIN RAMOS

                    Plaintiffs,

      -against-                  **COMPLAINT AND**
                                    **JURY DEMAND**

CALL-A-HEAD CORP., and
CHARLES W. HOWARD, jointly and severally

                    Defendants.
------------------------------------------------------X

CV 10- 0317
GLASSER J
POHORELSKY, M.J.

## NATURE OF THE ACTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2. Plaintiffs allege that under the New York Labor Law, Art 6, §§ 190 et seq., Art. 19, §§ 650 et seq., and supporting regulations and orders of the New York State Department of Labor (collectively "NYLL"), they are entitled to unpaid overtime wages from Defendants for his work beyond 40 hours per week and liquidated damages equal to 25 percent of his unpaid overtime wages; and attorneys fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

1

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, David Sabino, was at all relevant times, an adult individual, residing in Kings County.

7. Plaintiff, Edwin Ramos, was at all relevant times, an adult individual, residing in Ridgewood, New York.

8. Upon information and belief, Defendant Call-A-Head Corp. is a for-profit corporation, with its principal place of business in Queens County.

9. Upon information and belief, Defendant Charles W. Howard is an individual, residing in New York State.

10. At all relevant times, upon information and belief, Defendants were employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA and NYLL.

12. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

13. Upon information and belief, Defendants employed two or more employees during the time of Plaintiffs' employment with Defendants.

## STATEMENT OF FACTS

14. Plaintiff David Sabino ("Sabino") was employed by the Defendants from approximately January 2008 until approximately March 10, 2009.

15. Plaintiff Edwin Ramos ("Ramos") was employed by the Defendants from approximately November 2005 until June 2007.

16. At all relevant times, Plaintiffs were employed by Defendants to clean and maintain portable toilets owned by Defendants.

17. From about January 2008 until about November 2008, Sabino worked 4 days a week and approximately 15.5 hours a day.

18. From about December 2008 until about March 10, 2009, Sabino worked 4 days a week and approximately 10.5 hours a day.

19. Ramos worked approximately 4 days per week, and approximately 15.5 hours per day.

20. Both the federal FLSA and NYLL require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over 40 hours a week. 29 U.S.C. § 207; N.Y. Lab. § 650 et seq., 12 NYCRR § 142 – 2.2.

21. At all relevant times, Plaintiff often worked in excess of 40 hours a week. Defendants failed to pay Plaintiffs overtime compensation of one and one-half times Plaintiffs' hourly wage for every hour they worked in excess of 40 hours a week.

22. As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiffs, the Defendants have failed to make, keep and preserve records with respect to Plaintiffs sufficient to determine the wages, hours and other conditions

3

and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

23. At all relevant times, the Defendants knowingly, intentionally and willfully committed the acts alleged herein.

24. At all relevant times, the Defendants knew that the nonpayment of overtime pay would financially injure Plaintiffs.

## FIRST CLAIM FOR RELIEF: FEDERAL OVERTIME VIOLATION

25. Plaintiffs reallege and incorporates by reference paragraphs 1 through 24 as if they were set forth again herein.

26. The Defendants' intentional failure to pay Plaintiffs the proper overtime wages for his hours over 40 hours a week violates 29 U.S.C. § 201 et seq.

27. Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

## SECOND CLAIM FOR RELIEF: NEW YORK STATE OVERTIME VIOLATION

28. Plaintiff reallege and incorporate by reference paragraphs 1 through 27 as if they were set forth again herein.

29. The Defendants' intentional failure to pay Plaintiffs the proper overtime wages violates New York State Labor Law §§ 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

30. Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully requests that a judgment be granted as follows:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay proper overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of unpaid overtime compensation due under the NYLL;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the NYLL;

g. An award of prejudgment and postjudgment interest;

h. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
January 20, 2010

By: _____
Justin A. Zeller (JZ 7094)

Justin A. Zeller (JZ 7094)
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
11 East Broadway, Suite 9C
New York, New York 10038
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
Email: jazeller@zellerlegal.com